IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GORDON RAUL BARNES,

    **Plaintiff,**

    v.                                                       CASE NO.  23-3105-JWL

MARC BENNETT, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se action against the Sedgwick County District Attorney and the Attorney General for the State of Kansas. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. Plaintiff titles his complaint as a "Petition for Redress of Grievance" and a "Complaint for Declaratory and Injunctive Relief." (Doc. 1, at 1.) Plaintiff states that this action is "not in the nature of addressing [his] confinement or conviction, nor is it calling into question the validity of a judgment of conviction." *Id*. at 1. Plaintiff then alleges that the defendants have consented to be sued under 42 U.S.C. § 1983, allowing the Court to have jurisdiction over defendants. *Id*. at 1. Plaintiff claims that the Court has supplemental jurisdiction over his state law claims. *Id*. at 2.

Plaintiff names the Sedgwick County District Attorney and the Attorney General for the State of Kansas as defendants and claims that both are "acting as [Plaintiff's] agent." *Id*. at 1. Although Plaintiff's claims are hard to decipher, he claims that the defendants took advantage over his status as an inmate by "withholding Affiant/Plaintiff's property and then keeping it." *Id*. at 2.

Although it is unclear what "property" Plaintiff is referring to, he mentions that a claim was set against him in May 1995, by the State of Kansas, in his criminal Case No. 95CR994. *Id*. at 2. Plaintiff suggests that the debt should be considered paid in full, based on various documents he attaches to his Complaint. *Id*. at 3. His argument seems to be that because he sent various notices and "tender of payment" to the defendants, their failure to respond eliminated Plaintiff's debt by default.[1] Plaintiff alleges that defendants have deprived him of property without due process. *Id*. at 4. Plaintiff wants this Court to declare that his tender of payment rendered his debt paid in full. *Id*. at 7.

**I. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings

---

[1] Plaintiff attaches documents that he identifies as the presentment of "Private Administrative Remedy Lawful Notification for Opportunity toward Conclusion Trust Law Between Trustee and Beneficiary." (Doc. 1–2, placed under seal due to Plaintiff's inclusion of his W-2s.) Plaintiff's "Letter of Instruction to District Attorney" then instructs the District Attorney that the criminal case against Plaintiff created a "constructive trust" and created a lien against Plaintiff's property. *Id*. at 4. Plaintiff then suggests he is "bonding this case [him]self," and that Plaintiff intends to discharge the debt through setoff. *Id*.

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the

complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## II. DISCUSSION

The Court's duty to dismiss a frivolous action is mandatory under 28 U.S.C. § 1915A. *See Flute v. Untied States*, 723 F. App'x 599, 603 (10th Cir. 2018) (unpublished) (citing § 1915A(a) and § 1915A(b)(1)).  "A frivolous complaint 'lacks an arguable basis in law or fact.'" *Robbins v. Cty. of Boulder*, 592 F. App'x 710, 711 (10th Cir. 2014) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  The Court can dismiss a claim as frivolous "based on an indisputably meritless legal theory . . . [or on] factual contentions [that] are clearly baseless." *Id*. (quoting *Neitzke*, 490 U.S. at 327).  "Thus, a frivolous complaint 'embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.'" *Id*. (quoting *Neitzke*, 490 U.S. at 325).  "Examples of claims based on inarguable legal theories include those against which the defendants are undeniably immune from suit and those alleging an infringement of a legal interest that clearly does not exist." *Id*. (quoting *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991)).

The Court finds that Plaintiff's Complaint is based on an indisputably meritless legal theory and his factual contentions are clearly baseless.  The Court dismisses this action as

frivolous under 28 U.S.C. § 1915A(b)(1).

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** as frivolous.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **denied as moot.**

**IT IS SO ORDERED**.

**Dated April 20, 2023, in Kansas City, Kansas.**

        **S/  John W. Lungstrum**
        **JOHN W. LUNGSTRUM**
        **UNITED STATES DISTRICT JUDGE**