IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GORDON RAUL BARNES,

    **Plaintiff,**

    v.                                                                          CASE NO. 23-3105-JWL

MARC BENNETT, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se action against the Sedgwick County District Attorney and the Attorney General for the State of Kansas. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. On April 20, 2023, the Court entered a Memorandum and Order (Doc. 6) dismissing this case as frivolous. This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 8). Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously

through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments."  *Id*. at 929 (citation omitted).  Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.  *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff's motion is largely incomprehensible, but he suggests that he is "Bonding this Civil Complaint," and takes issue with "there being no record of an opposing Bond being recorded superseding my Bond to this established case."  (Doc. 8, at 1; Doc. 8–1, at 3.)  Plaintiff also states that he is "offering an opportunity to reconsider and cure before making a final judgment." (Doc. 8, at 1.)  However, a final judgment has been entered in this case.  (Docs. 6, 7.)

Plaintiff does not set forth an intervening change in the controlling law; the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or the need to correct clear error or prevent manifest injustice.  Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e).  In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its April 20, 2023 Memorandum and Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Reconsideration (Doc. 8) is **denied.**

**IT IS SO ORDERED**.

**Dated May 8, 2023, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE

3